UNITED STATES DISTRICT COURT     **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-8450-JFW (AJWx)**                              Date: March 1, 2010

Title:     Linea Pelle, Inc. -v- Sabina Handbags & Accessories, Inc., et al.

**PRESENT:**

     **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING DEFENDANT SABINA HANDBAGS & ACCESSORIES, INC.'S MOTION TO DISMISS AND/OR TRANSFER VENUE
[1/27/2010; Docket No. 11]

     On January 27, 2010, Defendant Sabina Handbags & Accessories, Inc. ("Defendant") filed a Motion to Dismiss and/or Transfer Venue. On February 12, 2010, Plaintiff Linea Pelle, Inc. filed its Opposition. On February 22, 2010, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's March 1, 2010 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, moves to transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

     28 U.S.C. § 1391(b) provides that, where jurisdiction is not found solely on diversity of citizenship, a civil action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." Although Defendant asserts that venue is improper in this district, Defendant fails to set forth any factual or legal basis to support its position. For the reasons stated in Plaintiff's Opposition, Defendant's motion to dismiss for improper venue is denied.

Defendant predominantly argues that this action should be transferred pursuant to 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once the Court has determined that venue is proper in the transferor and transferee districts, the Court turns to "the central inquiry of a § 1404(a) motion" - the convenience of the parties and witnesses and the interests of justice." *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999). In determining the convenience of the parties and witnesses and the interests of justice, the Court may consider multiple factors, including, *inter alia*: (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiff's claims for relief in the chosen forum; (4) the ease of access to sources of proof; (5) familiarity of each forum with applicable law; and (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *See, e.g., Jones*, 211 F.3d at 498-99.

Neither party disputes that venue would be proper in the Eastern District of New York. However, Defendant has failed to meet its burden in establishing that transfer of this action to the Eastern District of New York will serve the convenience of the parties and witnesses and will promote the interest of justice. Defendant relies on the following facts in support of transferring this action to the Eastern District of New York: (1) Defendant maintains its only office in Brooklyn, New York, and has a total of only 3 employees who work at that office, and (2) the majority of the infringing handbags were shipped to Pennsylvania and South Carolina, not California. These facts are insufficient to overcome Plaintiff's choice of forum, which is entitled to significant weight, and the convenience of Plaintiff's witnesses who reside in the Central District of California. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). A transfer of this action would merely shift the burden of litigation from Defendant to Plaintiff.

Accordingly, Defendant's Motion to Dismiss and/or Transfer Venue is **DENIED.**

IT IS SO ORDERED.