RUSSELL ALLYN (SBN: 143531)
rallyn@buchalter.com
JESSIE K. REIDER (SBN: 237113)
jreider@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff
Linea Pelle, Inc.

OLEG CROSS (SBN: 246680)
cross@crosslawgroup.com
CROSS LAW GROUP
4370 La Jolla Village Dr., Suite 655
San Diego, CA 92122
Telephone: (619) 623-2120
Facsimile: (619) 819-7346

Attorney for Defendant
Sabina Handbags & Accessories, Inc.

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINEA PELLE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SABINA HANDBAGS & ACCESSORIES, INC., a New York corporation; DOES 1-10,<br><br>Defendants. | Case No. CV 09-8450-JFW (AJWx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT** |

Based upon the Stipulation of the parties, plaintiff Linea Pelle, Inc. ("Plaintiff") and defendant Sabina Handbags & Accessories, Inc. ("Defendant"), and for good cause shown therein,

///

///

1

**IT IS HEREBY ORDERED** as follows:

1. Defendant, and all of its officers, directors, agents, attorneys, servants and employees, and all persons acting under, in concert with, or for them, are hereby permanently enjoined and ordered to:

    (a) cease selling the handbags referred to as the "Simone Satchel" (or Sabina's style number 2562) and Sabina's style number 4505 (the "Accused Sabina Product") or any other goods substantially and/or confusingly similar to Plaintiff's Dylan Zip Tote and Dylan Folding Tote (collectively, "Plaintiff's Product"), or any designs substantially and/or confusingly similar to the Dylan Trade Dress, as defined in the Complaint; and

    (b) refrain from designing, manufacturing, causing to be manufactured, offering for sale, selling, promoting or in any way using the Accused Sabina Product, the Dylan Trade Dress or Plaintiff's Product or any substantially and/or confusingly similar variants thereof.

2. The Court reserves jurisdiction to enforce the terms of the parties' settlement agreement dated August 30, 2010. In the event of a monetary default under the terms of the settlement agreement or a violation of this permanent injunction, in addition to the fines, penalties and sentences provided by statute or otherwise available or provided by law, the Court shall also award Plaintiff the remaining balance of the $20,000.00 monetary settlement and require Defendant to reimburse Plaintiff's actual and reasonable attorneys' fees and costs in bringing this action from its inception and any resulting proceeding. Additionally, in the event of a non-monetary default under the terms of the settlement agreement or a violation of this permanent injunction, in addition to the fines, penalties and sentences provided by statute or otherwise available or provided by law, the Court shall also award Plaintiff liquidated damages in the amount of $20,000.00 per transaction found to be a default, based upon the difficulty of ascertaining actual damages and the parties' reasonable and good faith efforts to estimate the damages

1 that would accrue to Plaintiff in the event of such a default, and shall require
2 Defendant to reimburse Plaintiff's actual and reasonable attorneys' fees and costs in
3 bringing this action from its inception and any resulting proceeding.

5 DATED: September 8, 2010

                                                UNITED STATES DISTRICT COURT JUDGE

BN 6874324v4